**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HEATHER BLAIR, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| SAI SYSTEMS INTERNATIONAL, INC., | : | |
| Defendant. | : | MAY 1, 2026 |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This action seeks declaratory, injunctive, and equitable relief; compensatory and monetary damages; costs; and attorneys' fees for injuries the plaintiff sustained as a result of the defendant's retaliation after she attempted to prevent the defendant from continuing to submit fraudulent claims to Medicare, Medicaid, and various commercial insurers in violation of the provisions of Title 31 U.S.C. § 3729 et seq.

### II.    JURISDICTION

2.    Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331 and Title 31U.S.C. §3730 (h) (2).

3.    Damages are sought pursuant to Title 31U.S.C. §3730 (h) (2).

4.    Equitable Relief, including employment reinstatement may be ordered by the court pursuant to Title 31U.S.C. §3730 (h) (2).

5.    Costs and attorney fees may be awarded pursuant to Title 31U.S.C. §3730 (h) (2).

### III.    VENUE

6.    This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b) because the claim arose in this judicial district.

### IV.    PARTIES

7. The plaintiff is a citizen of the United States and resides in Indianola, Iowa.

8. The defendant is a corporation duly incorporated pursuant to the laws of the State of Connecticut, where it has a principal place of business.

## V.    STATEMENT OF FACTS

9. In 2023, the plaintiff accepted an offer of employment from the defendant to serve as its Licensing and Credentialing Manager.

10. In the position of Licensing and Credentialing Manager, the plaintiff was responsible for client satisfaction, SLA compliance, invoicing, enrollment, licensing, and credentialing, as well as state licensing for individual providers, at Sai Systems' clients and SME for group and individual payor enrollment.

11. The defendant operates within the healthcare administrative services field, providing billing and revenue cycle management functions for healthcare providers.

12. In that capacity, the defendant's business involves preparing, coding, and submitting claims for reimbursement to payors such as Medicare, Medicaid, and commercial insurance carriers.

13. The defendant's role is integral to securing payment for medical services rendered by its provider clients, while adhering to the complex regulatory requirements governing federal and private insurance programs.

14. The plaintiff was qualified to serve as the defendant's Licensing and Credentialing Manager and performed her job duties in a capable manner.

15. In her position as Licensing and Credentialing Manager, the plaintiff has never been counseled, subjected to disciplinary action, or had her performance faulted in any manner.

16. The defendant terminated the plaintiff's employment without notice only after she raised concerns regarding the defendant's fraudulent coding practices.

17. In mid-December 2025, the plaintiff participated in a teleconference during which she became aware of the way the defendant's offshore credentialing team was performing enrollment activities.

18. Seeking to address efforts to enroll mental health specialists as primary care physicians, the plaintiff messaged her direct manager via Microsoft Teams, stating that they needed to meet to discuss delays in enrollment and issues related to understanding the proper enrollment processes.

19. In that communication, the plaintiff further advised her direct manager that she had concerns regarding billing, coding, and enrollment, emphasizing the importance of discussing those issues.

20. The plaintiff's direct manager responded by informing the plaintiff that he would look into the matter and schedule a meeting with her if he believed it was necessary.

21. The plaintiff's direct manager never followed up with her.

22. On January 7, 2026, the plaintiff sent a message to one of the defendant's human resources employees requesting a meeting to discuss concerns extending beyond unethical practices.

23. While reviewing client accounts, the plaintiff identified fraudulent billing and coding practices, as well as delayed and improper enrollment activities.

24. On January 8, 2026, the plaintiff met with Madhusudan Thodia ("Thodia"), an offshore human resources manager, to discuss concerns regarding fraudulent billing.

25. Thodia indicated that he did not fully understand the issues raised by the plaintiff but stated that he would speak with the plaintiff's direct manager and follow up with the plaintiff by telephone on January 9, 2026.

26. On January 9, 2026, the plaintiff received a Microsoft Teams call from Madhusudan Thodia.

27. Also present on the call were the plaintiff's direct manager, a human resources manager from the defendant's Shelton, Connecticut office, and Thodia.

28. During the call, the plaintiff was informed that her position was being eliminated effective immediately, that her employment was terminated, and that she would receive two weeks' severance pay.

29. Prior to January 9, 2026, the plaintiff had never been informed that the defendant was considering eliminating her position.

30. The elimination of the plaintiff's position occurred only after she took steps to prevent the fraudulent coding and billing practices she had uncovered.

31. Due to post-COVID restrictions on reimbursement for telehealth visits, the defendant altered the place of service in its claim submissions from "not in office" to "in office."

32. By changing the place of service designation from "not in office" to "in office," the defendant sought to maximize reimbursements from Medicare, Medicaid, and commercial insurance carriers.

## VI. RETALIATION IN VIOLATION OF THE FALSE CLAIMS ACT AT 31 U.S.C. § 3730(h)

33-64. The plaintiff incorporates as if re-alleged paragraphs 1 through 32.

65. The defendant subjected the plaintiff to unlawful retaliation because she took steps to prevent the fraudulent coding and billing practices she had uncovered.

66. As a result of her efforts to prevent those fraudulent practices, the defendant terminated the plaintiff's employment under the pretext of eliminating her position.

67. Because the plaintiff's opposition to the defendant's fraudulent billing and coding practices was the but-for cause of the retaliatory actions taken against her, the defendant violated the False Claims Act, 31 U.S.C. § 3730(h).

68. The defendant engaged in retaliation against the plaintiff with malice or reckless indifference to her rights under the False Claims Act, 31 U.S.C. § 3730(h).

69. The plaintiff's efforts to prevent the fraudulent coding and billing practices she had uncovered constitute protected activity under the False Claims Act, 31 U.S.C. § 3730(h).

70. The retaliatory actions taken by the defendant would deter a reasonable employee from taking steps to prevent fraudulent coding and billing practices.

71. As a direct result of the defendant's unlawful retaliation, the plaintiff has suffered and will continue to suffer emotional distress.

72. As a direct result of the defendant's unlawful retaliation, the plaintiff has suffered economic harm.

73. The defendant discriminated against the plaintiff because of her efforts to prevent the fraudulent coding and billing practices she had uncovered.

74. Because the plaintiff's opposition to the defendant's fraudulent billing and coding practices was a determinative factor and the but-for cause of the retaliation directed against her, the defendant violated the False Claims Act, 31 U.S.C. § 3730(h).

## VII.  PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights under the False Claims Act, Title 31 U.S.C. § 3730 (h).;

b. Require the defendant to reinstate the plaintiff to her position of Licensing and Credentialing Manager;

c. Award plaintiff two times the amount of her back pay;

d. Award the plaintiff interest on the back pay award;

e. Award the plaintiff front salary and benefits accrual in lieu of reinstatement;

f. Award plaintiff compensatory damages;

g. Award plaintiff punitive damages;

h. Award plaintiff costs and attorney fees; and

i. Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.


THE PLAINTIFF – HEATHER BLAIR


BY/s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue
Suite 501
Shelton, CT 06484
Tel: (203) 366-3939
Fax: (475) 269-2907
Email: thomaswbucci@outlook.com

7